VDARE Foundation v. Letitia James Mr. Wallman, you have ten minutes, but you've reserved two minutes for rebuttal, so that gives you eight to begin. You may proceed. Thank you, Your Honor. Good morning. Last week, the First Department asked two very prescient questions of the State in Trump versus New York.  Prescient. Prescient. Prescient. One, how do we draw a line or at least put up some guardrails to know when the Attorney General is operating well within her admittedly broad sphere, and secondly, there has to be some limitation on what the Attorney General can do. The answer to that question, of course, is the Constitution. The First Amendment limits- I'm sorry. What was the context that you're citing as those questions from? That was in Trump versus New York, the oral argument at the First Department. And the limitations are the guardrails of the First Amendment, which is applied to the state's portion of the 14th. We have a retaliation claim by the government against- How do we understand the claims? I think the real question is whether or not you get to relitigate those claims in federal court, having already litigated them in state court in connection with the subpoena. And so that's really the issue, right? I don't think anybody's denigrating the claims or saying that they're not legitimate constitutional claims. You may win, you may lose, but does the federal court get to take a second crack at it? That's the question. In order to get a second crack, one must first have a first crack. What we had was an Article IV proceeding. The state filed a petition and a motion to compel. It was met with a motion to dismiss or any alternative to stay on the basis of the first filed complaint in the federal court. Well, let's be fair about the first filed complaint. They sent you a demand letter and said, if you don't comply with the subpoena by the 12th of December, we're going to move to compel. And then you ran and went to federal court. So first filed, yes, technically first filed, but it was in response to a demand letter, right? Yes, Your Honor. And even assuming that the first filed argument was improper or just shouldn't apply, normally after a petition gets filed, you have then the chance to file an answer and counterclaim. You made the very arguments that you're making in federal court in the state proceeding, right? You made these constitutional arguments. It's not that you could have and didn't, which you might still be bound by under race judicata precedence, but you actually did. You did argue these things, right? Arguments were made, but no evidence was taken. No procedure was had for discovery, for the examination of the witnesses. All we did was hear the state's pretextual argument that it was because of the CASEL transactions. It was just the argument of counsel. And we wouldn't abide that in a McDonnell Douglas type framework where you offer a potentially legitimate reason, and then the plaintiff gets a chance to rebut. That would suggest that for a preclusion to apply, all process and all law has to be exactly the same. That particular procedures, whether the special procedures of the Article 4 or a motion to dismiss procedure or whether there's an existence of a McDonnell Douglas or some other kind of burden shifting framework, that all of that has to be exactly the same in order for preclusion to apply. If that is the argument, tell me if it's not, but if that is the argument, what's your authority for that principle? The issue is whether or not it's the same, and I'm not saying it has to be identical, but there have to be at least some procedures where you're actually getting a chance to make your case. You had an opportunity to make arguments and to appeal if those arguments failed and to make other claims if you were not on notice or something like that. So I still don't understand what the law authority would be for saying that an Article 4 procedure is so fundamentally insufficient as not to permit normal preclusion. It's not fundamentally insufficient, but it was here because here the court went straight to, and I mean Judge Krause, went straight to a decision on the underlying petition to  So you have an argument of an error of law or procedure being made in state court for which you had an opportunity to appeal, correct? Yes, but equity, and that's what, as the court knows, Res Judicata falls under the province of equity. Equity demands fairness of an opportunity here, and what happened was fundamentally unfair. The arguments were raised that it was a First Amendment retaliation claim. We didn't get to put on the evidence. We didn't get to examine why Mr. Sawyer of the Hate Crimes Unit first issued a petition, a subpoena to MEDA asking about COVID-19 and hate speech about Asian Americans. That was in the original subpoena to Facebook that triggered all of this. Had nothing to do with the CASA transactions. And then again, he issues a second subpoena towards the end of June 2022 in his capacity of Hate Crimes Bureau against Facebook payments. And only then, a couple of days later, his friends in the Charity Bureau exercised their authority. But the investigation, and the subpoena refers to an ongoing investigation, was an investigation by the Hate Crimes Unit, and we never had a chance to examine what was going on behind the scenes, whether or not this was merely pretext. All we had to do was, all the court did was take the state's word for it that it wasn't. And so we did not get that first bite at the apple in order to then apply Res Judicata to preclude a second bite at the apple. But you could have gotten discovery. It seems to me that the New York CPLR allows for discovery in proceedings like this if you ask for it. Do you disagree with that? It allows for it if the opportunity presents itself. But when you file a motion to dismiss, you're not then going to, especially under the first filed rule, you're not going then to say, oh, can I get discovery in this forum? Because that defeats the entire purpose of the motion to dismiss. But that was a tactical choice you made. Well, we filed a motion to dismiss, but then had we filed an answer and given an opportunity to file an answer and counterclaim, then yes, we would have sought discovery. But that opportunity never presented itself. Had we... You can't do it in the alternative dismissal, but if dismissal is not appropriate, we want an opportunity for discovery. That's not permitted? I'm assuming it can be done, but what is governing the CPLR is the ordinary provisions where you file a petition, and then you have a potential answer and counterclaim, or you file a motion to dismiss under the CPLR. And the motion to dismiss, was it 3011, doesn't necessarily say, oh, by the way, while you're at it, file a motion for discovery. That's not in there. So one would presume that you go through the normal motions, as one does even in the federal system where you might go through a dispositive motion, practice first, not always, but... And then get discovery. But what is the point of seeking discovery in a forum when you're saying, we shouldn't even be here in the first place? I guess it seems to me that that's your call. And if you thought you should then get another opportunity for discovery, that's something you could have argued in the state court, but you never did, right? No motion for discovery was filed. That's correct. And no argument was ever made on appeal to say, hey, we made a motion to dismiss. We lost. But that doesn't mean that the case is over. We should then be able to ask for some discovery to see whether there is some substance to the claims, the arguments we're making. What I can say is that in the appeal, the first department, only on the question of retaliation, acknowledged that the attorney general didn't concede retaliatory animus. That doesn't mean that there was any finding of an absence of retaliatory animus. And all we're asking for is the opportunity to make that showing. Right. But I guess that's the question. You want to make that showing in a federal court when it seems to me, having chosen to litigate this in a state court, you then have to try to figure out whether you get a chance to revive that argument with discovery in the state court. Well, that goes back to Your Honor's first question. We didn't choose to litigate in that forum. We chose to pursue a 1983- But you did litigate in that forum, right? You did raise the very constitutional arguments you're raising in the 1983 federal claim, right? They were addressed, yes. And there was no evidence rebutting our evidence. Well, I mean, there was a ruling in that case by the state court, right? Yes. So, I mean, I guess that's the issue, is why does a race judicata claim preclusion not apply? And your argument is that it's, you didn't get a full and fair opportunity to litigate, but we've talked about that. It's not clear that that's the case. Or that it's just unfair, which kind of sounds like the same thing. We did not have a full and fair opportunity to litigate the factual issues in dispute. But only because of decisions that you made, I thought you just conceded that. You chose not to seek discovery. You chose to make a motion to dismiss, right? Yes. All right. Well, you've reserved two minutes for rebuttal. Thank you. Let's hear now from Mr. Hitsuse. Am I pronouncing that right? You are, Your Honor. Really? Like a broken clock. Once in a while, I get them right. Good morning, Your Honors. The attempt to pursue substantive claims that have already been rejected by a state supreme court only underscores the applicability of race judicata here. These truly are really the same cases in both state and federal court. The only thing that is flipped is that in federal court, VDARE was the plaintiff. In state court, it was the defendant. And expanding on the theme of VDARE's choices, VDARE chose to litigate this case in state court. VDARE, as it emphasizes, ran to court. Did VDARE have much choice? I think the short answer is no. I mean, the fact is that they did show up. They did make arguments. They raised the very constitutional arguments that were raised in the federal case. So they can't claim that we were oblivious. We didn't know we could do that because they did that. But they didn't really have much choice other than to litigate in a forum that you dragged them into, right? Well, with one caveat, Your Honor. When they filed suit on December 12th, they could have accompanied that with a TRO, or a request for a TRO, preventing us from commencing any action in state court. They, in fact, tried to do that several months later after Supreme Court had already ruled against them and after the First Department denied a stay. They said it wasn't necessary to do so at the time. But that, in and of itself, signals acquiescence to the state court process. As was discussed in my adversary's argument, the federal court claims were simply repackaged as defenses in state court. We know that VDARE has explained in the context of, I believe, the preliminary injunction. It says, I thought, or we thought, state court would, quote, do its job. That is a concession that it understood that state court was, A, an appropriate forum to raise these claims, and B, capable of providing relief. And that's what, under New York law, res judicata depends on. Is the same court capable of providing that relief? And let's look at it from VDARE's perspective. Whether it succeeds in getting a state court to deny the petition to compel, or whether it persuaded a district court to enjoin an aspect of the subpoenas, the result is the same, which is that VDARE can ignore those subpoenas without any fear of legal consequence. Now, VDARE argues that it didn't get a full and fair opportunity to raise these claims, but that seems to be based on this assumption that all it had to do was come to federal court and cry political persecution, and it was automatically going to get to discovery. That's not the case. In retaliation claims against law enforcement entities, you have to prove more. Namely, that the law enforcement action lacks a factual basis. That it is so bereft of a basis that we can infer that retaliation is a but-for cause. And they raised that argument both in federal court and state court, and it simply wasn't successful. As far as opportunity goes, I also want to clarify with respect to Article IV special proceedings. It is not something that's so summary in nature that you can't submit evidence. In fact, they have often been likened to summary judgment proceedings. We have a 2,000-page record here. VDARE could attach anything it wanted to its motion or to its answering papers, and with respect to the tactical choice of moving to dismiss, our office is on the other side of special proceedings constantly. We have moved to dismiss on certain grounds and asked in the alternative, if you deny our motion to dismiss, allow us an opportunity to submit answering papers. They didn't do that here, and they could have. But I think really the main point with respect to opportunity is that they could have marshaled any evidence that they wanted to try and make this show. What do you mean by that, they could have marshaled any evidence? You mean they could have attached it to their motion to dismiss? Yes. Okay. So a motion to dismiss in Article IV proceeding, you're then saying is that you can basically submit any extraneous evidence, including affidavits, et cetera, that you want to. Is that what you're saying? Yes, Your Honor, and that happens with some frequency in special proceedings that when they're decided on the papers, it's not the same as being decided on the pleadings. VDARE had an opportunity to show that this was bereft of a factual basis. It did not do that. With respect to First Amendment free association, that's really a question of law. That's the kind of issue that had it solely been raised in federal court, it could have been decided on the pleadings alone. Can I ask you about that? I just have struggled a little to put this either in an issue of preclusion or a claim preclusion box when I hear the sort of full and fair litigation opportunity sort of core argument that I think your opposing counsel is making. I think of that as issue preclusion. But tell me whether you think it's issue preclusion or claim preclusion or both. So there's some overlap with those issues, and claim preclusion happens when you have an opportunity for the same relief. So if I could draw a contrast, in federal court, for instance, had we only litigated in federal court, we wouldn't have been able to get an order compelling compliance with the subpoenas. That was your argument that it's not the same cause of action in response to their motion to dismiss in federal court, right? That's correct. Under the first file doctrine. So you said, well, it's not the same cause of action because we can't get the relief we're seeking in state court. Do I understand that right? You understand that right. That was solely for purposes of New York's first filed rule. But I believe that illustration could reassure you as to the differences between claim preclusion and issue preclusion. So assume that we had not filed a petition to compel and we litigated in federal court. The issues were decided. Their claim was dismissed. We could go back to court, file our petition to compel, and then those same First Amendment issues would be issue precluded. But the claim itself wouldn't be precluded because we never had an opportunity for that relief. Now, on the flip side here, the relief that VDARE was seeking was the invalidity of the subpoenas. What they wanted to be able to do was to withhold this information without any fear of contempt. And whether they were in state court or federal court, they could have obtained that relief by way of a court agreeing with them that there was a constitutional issue with the subpoenas. Instead, the state supreme court reviewed the papers that VDARE submitted and actually says it's on page 393 of the appendix that VDARE's own filings only reinforce the reasonableness of the attorney general's investigation because they tended to bolster our representation that there were reasons to investigate. VDARE is entitled to say, no, we didn't do anything wrong. But this is a civil enforcement investigation. We don't have to take VDARE at its word. We are entitled to ask for information about VDARE's financial operations that will either confirm or refute. And simply saying that this is retaliation doesn't give rise to a cause of action in state or federal court. Otherwise, any target of a law enforcement investigation could turn the tables and turn the government investigator into a defendant. You need more. And the point is that VDARE simply had not provided that more. But that doesn't mean that they were deprived an opportunity to do so. Nor would it move the needle with respect for res judicato purposes because the relief was exactly the same. So really asking about discovery is presupposing the ability to obtain discovery. And I want to address this point about an equitable exception to res judicato. In New York, whose law controls here, there's a three-part test for res judicato. That third part is what's often referred to as a pragmatic standard. That test exists to make sure that res judicato is not applied on an ad hoc basis. The inverse of that means that if that test is satisfied, under New York law, res judicato is the equitable result. Otherwise, we would have res judicato being applied on an ad hoc basis. New York law does not countenance a situation where a court looks at two separate claims where they make perfect sense to be litigated together. And have a judge say, I don't think that this was fair. It's a slippery slope between it doesn't seem fair to me and I disagree with the result. If those elements are met, then res judicato is the fair and equitable result. And that's what the district court found. We argue that that's what this court should find, particularly when you look at just the natural posture of these cases. One of the elements under New York law is the motivation of the parties filing the claim. We want to enforce the subpoena. Wider wants to not comply with the subpoena and believes it has a legal ground to do so because the subpoena is invalid. Those are naturally opposed to each other, regardless of who is the plaintiff and regardless of who is the defendant. If we seek to enforce, they're going to challenge the validity. And it doesn't matter what forum they're in. These not only form a convenient trial unit, if anything, the state court action was the superior forum because it could apply more complete relief. In the state court forum, if Wider had convinced state supreme court or the first department in its appeal that the subpoena was invalid, then it wouldn't have to comply. But on the flip side, if we convinced the state court that the First Amendment arguments were invalid and that this subpoena was motivated by a lawful need to investigate, then we get to enforce the subpoena. We don't have to file that separate proceeding in state court thereafter. For all of these reasons, we believe that the dismissal of the claims was correct. The dismissal would render the preliminary injunction arguments a moot point. If this court wants to hear any of our arguments with respect to that, I'm happy to provide them. Otherwise, I would rest on my grief with respect to those. All right. Thank you very much. Mr. Hitzius, we'll now hear from Mr. Wallman for two minutes at the bottom. Good morning again. The state referred to a convenient trial unit. And I have to ask the court and the state, what trial? The state likened the Article IV proceeding to a summary judgment motion. And in the federal system, at least, I've run into the circumstance on a couple of occasions where courts don't allow you to even file a summary judgment motion early in the case because they view it as premature. And that's what we had here, a premature decision based on in a summary judgment proceeding where you had genuine issues of material fact and dispute. Error in the state court, which you might be right about and you might ultimately get relief on. But it's not clear to me why it alters the claim preclusion rules for New York State. Well, I would say that this is really more of a matter of issue preclusion in general because it's a matter of whether or not we have a chance to raise our First Amendment claims, our First Amendment issues. There's a judgment here, right? There's a final judgment that has been issued. It's the same party. There's no dispute about that.  So the last issue is whether or not the judgment pertains to claims or matters that are common to both cases. And in both cases, the First Amendment defense is the one that you're asserting as a basis for not complying with the subpoena, right? Well, there was no finding of a finding based on evidence, at least, of a lack of retaliation. The state court merely in a summary proceeding took the state's word at it with unsworn statements. So if, you know, judicata means that you file a case in federal court and then get railroaded in state court without an evidentiary on a non-evidentiary basis. So we had a case similar to this one involving Massachusetts as opposed to New York. It's the Exxon case. You cited, I think, briefly in one of your briefs. But, I mean, it seems to me that the race judicata elements for New York and Massachusetts are basically identical. And so that was a case in which Exxon was asserting claims very similar to what your client is asserting here, that this was a retaliation for exercising free speech. And yet we concluded that the proceeding in Massachusetts was sufficiently similar, that the claims were sufficiently related to meet the requirements of claim preclusion. And I guess I'm curious as to what is the difference between that case and this one that I'm missing. I don't have perfect recollection of that case, Your Honor. I'd be happy to submit something in supplement. Okay. All right. No, that's not necessary. And so we ask that the court reverse the dismissal and remand for entry of a preliminary injunction. Thank you. All right. Thank you both. We will reserve decision.